# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────

No. 14-20774

───────

DAVID ISRAEL SANCHEZ,

        Plaintiff - Appellant

v.

JOHN F. KERRY, United States Secretary of State; BENITA JONES-BURNETT,

        Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2084

────────────

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:*

      Primarily at issue is whether the Government must defer to a state agency's decision regarding an individual's state of birth. In challenging the dismissal of his claims seeking recognition of his Texas birth (thereby entitling him to a United States passport), David Israel Sanchez claims: the Texas Department of State Health Services' (THD) decision to issue him a Texas birth

───────

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-20774

certificate establishes that he was born in Brownsville, Texas; and, therefore, the Government may not subsequently determine he was born elsewhere.  He maintains, *inter alia*, the Full Faith and Credit Clause, U.S. Const. art. IV, § 1, and 28 U.S.C. §§ 1738–1739; and the Tenth and Fourteenth Amendments require the United States Department of State (DOS) to give preclusive effect to THD's decision.  AFFIRMED.

I.

Sanchez applied for a United States passport in 2005.  He submitted with his application a delayed Texas birth certificate, recorded by local registrar on 19 April 1988, showing he was born on 14 March 1988, in Brownsville, Texas, to father Marcelino Sanchez and mother Elizabeth Reyes.  His application was denied.  In support of its denial, DOS noted, *inter alia*, that Sanchez' Texas birth certificate was filed by a "midwife . . . suspected of filing fraudulent Texas birth records"; and, upon DOS' request for verification, THD, pursuant to Texas state law, denied issuance of a certified copy of his birth certificate.  V.T.C.A. Health & Safety Code §§ 191.057, 192.033.  DOS' denial letter stated that THD referred to the existence of a Mexican birth record for Israel Sanchez Reyes on 19 October 1987 to father Marcelino Sanchez and mother Elizabeth Reyes Brito, in Matamoros, Mexico, filed 21 October 1987.  (Matamoros is directly across the United States-Mexico border from Brownsville, linked by a bridge.)  Evidence of the Mexican birth record prompted THD to append an addendum to the Texas birth certificate, which, under Texas law, allowed THD to refuse to issue a certified copy of the Texas birth record to DOS.  *See* §§ 191.057, 192.033.

Sanchez contacted THD concerning the addendum and, pursuant to Texas law, requested an evidentiary hearing.  § 191.057.  Six months later, following THD's telephonic hearing, THD ruled:  the Mexican birth certificate was not supported by a preponderance of the evidence and contained "inconsistencies"; and, as a result, the addendum to Sanchez' Texas birth certificate was to be removed.

2

No. 14-20774

Sanchez applied for a passport a second time in February 2010. At DOS' request, Sanchez provided supplementary documentation, including: THD's order and findings; a vaccination record and accompanying letter from the administering doctor; and a letter from the lab in Brownsville, where Sanchez' mother had prenatal lab work done one month before Sanchez' claimed Brownsville birthdate. In March 2011, DOS again denied Sanchez' application, due to his failure to prove, by a preponderance of the evidence, his United States citizenship or nationality. 22 C.F.R. §§ 51.40, 51.41.

That June, Sanchez filed a petition for a writ of mandamus under 28 U.S.C. § 1361, challenging the denial of his application and seeking a declaration he is a United States national entitled to a passport. The district court granted DOS' partial motion to dismiss six of Sanchez' statutory claims, and all three of his constitutional claims, for failure to state a claim, and for lack of subject matter jurisdiction. *Sanchez v. Clinton*, No. CIV.A. H-11-2084, 2012 WL 208565 (S.D. Tex. 24 Jan. 2012). This left pending his claim under 8 U.S.C. § 1503(a) (providing action for person denied passport), and relief in the form of a declaratory judgment that he is a United States citizen entitled to a passport. *Id.* at *10. After a bench trial, the district court denied relief. *Sanchez v. Kerry*, No. 4:11-CV-02084, 2014 WL 2932275 (S.D. Tex. 27 June 2014).

Sanchez moved for a new trial based on newly discovered evidence: two Mexican birth certificates, located directly before and after his birth certificate in the record system (to which he had successfully objected at trial); and an accompanying expert report distinguishing the two birth certificates from Sanchez' Mexican birth certificate. The court denied his motion for failure to prove the evidence could not have been found earlier with due diligence, and because the outcome would not have changed. *Sanchez v. Kerry*, No. CIV.A. H-11-2084 (S.D. Tex. 26 Nov. 2014).

3

No. 14-20774

II.

Sanchez challenges DOS' denial of his passport application, and: the court's granting DOS' partial motion to dismiss; parts of its findings of fact and conclusions of law; its dismissal of his § 1503(a) claim; and its denial of his motion for a new trial. Sanchez confirmed at oral argument he does not bring a claim of derivative citizenship, and concedes his claims under the Administrative Procedure Act, 5 U.S.C. § 704; 22 U.S.C. § 211a (authority to grant, issue, and verify passports); and the Mandamus Act, 28 U.S.C. § 1361.

Sanchez chiefly contends THD's issuing his Texas birth certificate proves he was born in Brownsville, and implicates the Full Faith and Credit Clause. U.S. Const. art. IV, § 1. Along that line, he asserts the district court's failure to defer to THD's decision shows the court applied a higher burden of proof than the proper preponderance-of-the-evidence standard. He avers Texas exercised its power under the Tenth Amendment to determine his Texas birth certificate was accurate, and the court, in concluding he was born in Mexico, erred in ruling on a matter of exclusive state jurisdiction. Sanchez claims, therefore, because the Fourteenth Amendment guarantees citizenship to persons born in the United States, he is entitled to a United States passport.

In support, Sanchez distinguishes from his case *Bustamante-Barrera v. Gonzales*, on which the district court relied, as one that applied only to naturalization proceedings, rather than to cases of citizenship by birth. 447 F.3d 388, 400 (5th Cir. 2006). He asserts the application of *Bustamante* in a factually similar case, *Garcia v. Kerry*, 557 F. App'x 304 (5th Cir. 2014) (unpublished), incorrectly resulted in the court's failure to defer to Texas' decision to issue Garcia a Texas birth certificate.

Additionally, Sanchez asserts the court's ruling on his mother's citizenship—even though he concedes he withdrew his claim of derivative citizenship—was "highly prejudicial". He avers that, because he was not able to

4

No. 14-20774

present evidence in her favor or contradict any evidence presented against her, her Fifth Amendment due process right was violated.

Furthermore, with regard to the court's dismissing several claims for lack of subject matter jurisdiction, Sanchez asserts the court determined § 1503 conferred that jurisdiction; therefore, § 1503 provided the independent source of jurisdiction required to support claims under 28 U.S.C. §§ 2201 and 1651. He also contends the Tenth and Fourteenth Amendments provide independent grounds for those claims.

Finally, Sanchez maintains the court erred in denying his motion for a new trial. He asserts he could not have discovered the two Mexican birth records and the expert report analyzing them before or during trial, and that he met the requirements for newly discovered evidence. He claims he did not discover the evidence until after trial when DOS provided him with it. Alternatively, he avers his fingerprint on the birth certificate, a marker of authenticity cited by the district court in its findings of fact and denial of his motion for a new trial, was not established in the record.

III.

Having considered the briefs, the pertinent parts of the record, the oral arguments here, and the applicable law, and essentially for the reasons stated in the district court's comprehensive and well-reasoned opinions dated 24 January 2012, 27 June 2014, and 26 November 2014, the judgment is AFFIRMED.